UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

---

| | |
|---|---|
| HOLLY MATHERS, SUE GUNDY, ROSE SEELEN and DIANNE THIEL, on behalf of themselves and all others similarly situated, | Court File No. 99-1938 MJD/RLE |
| Plaintiffs, | |
| v. | |
| NORTHSHORE MINING CO., a Delaware corporation. | |
| Defendant. | |

---

**ORDER FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

---

This matter is before the Court on the parties' Stipulation for Preliminary Approval of Class Settlement of class claims of the certified class of all hourly and non-exempt female employees employed by Northshore Mining Company on or after April 24, 1998, who have been, are being or will be discriminated against with regard to the terms and conditions of their employment because of gender.  The plaintiffs are represented by Joseph J. Mihalek and Fryberger, Buchanan, Smith & Frederick, P.A., and the defendant is represented by Kathleen S. Bray and Hanft Fride, P.A.  The Court, having reviewed and carefully considered the parties' Settlement Agreement and all of the documents submitted in support of the petition for preliminary approval of the class settlement, enters the following order:

1

1. The parties have fully advised the court of the terms of the Settlement Agreement and the controlling legal authority, and have requested that the court find that the proposed settlement is reasonable, adequate and fair and consistent with relevant state and federal law so as to warrant notice to members of the Class and a full fairness hearing.  The Court accepts the parties' joint recommendation; therefore, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, The Settlement Agreement is PRELIMINARILY APPROVED.  Final approval and entry of judgment pursuant to the Settlement Agreement is subject to the hearing of any objections filed by members of the Class, and subject to Northshore Mining Company's right to demand renegotiation of the Settlement Agreement if certain class members choose to opt out of the settlement.

2. Pending the determination of the fairness of the Settlement Agreement, all further litigation of the action is STAYED.

3. Within twenty (20) days of the entry of this Order, the Company shall serve upon all Class Members (as identified in Exhibit 2) the Notice set forth as Exhibit 3.  Service shall be by certified mail or personal service.  The Notice shall include the Claim Form for members of the subgroup of "Administrative or HBX-classified employees" (Exhibit 4) and the Claim Form for Class Members requesting a share of the funds allocated to the Emotional Distress Fund (Exhibit 5).  In the event service cannot be accomplished within two (2) weeks of the date of entry of this Order, the Notice (without attachments) shall be served by publication one time in one newspaper serving each municipality in which the Class Members not personally served were known to last reside.  The Notice and the Claim Forms and the manner of serving them are found to be most effective and practical under the circumstances of this case involving this class of 42

members who have been readily identified. NSM shall pay all costs incurred to serve the Notice and the Claim Forms on all Class Members.

4. Claim Forms shall be returned to the Claim Administrator, Joseph J. Mihalek, 700 Lonsdale Building, 302 West Superior Street, Duluth, Minnesota 55802; telephone 218-722-0861. Class Members wishing to file a Claim Form shall have until **December 22, 2005** (the "Claim Filing Deadline") to file their Claim Forms. Forms will be deemed filed on the postmark date shown on the envelope in which the Form is mailed to the Claim Administrator. Failure to postmark a completed Claim Form by the Claim Filing Deadline shall bar the Class Member from having her request for a monetary award considered or from receiving any money from the fund for which a Claim Form is required. Class Members who do not file timely and valid Claim Forms shall nevertheless be bound by the judgment and release in this action.

5. It shall be the sole responsibility of each Class Member who seeks a monetary award to notify the Claim Administrator if the Class Member changes her address. Failure of a Class Member to keep the Claim Administrator apprised of her address may result in her claim being denied or forfeited.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Fairness Hearing") will be held at **9:00 a.m., on February 17, 2006**, at the United States District Courthouse, Courtroom 14E, 300 South Fourth Street, Minneapolis, Minnesota, 55415. At the Fairness Hearing, the Court shall consider the fairness of the settlement, whether the settlement should be approved and whether judgment should be entered pursuant to the Settlement Agreement.

7. Any Class Member may object to the Settlement Agreement by filing a written objection and, if she so desires, appearing at the Fairness Hearing. To be considered by the Court, any objection to final approval of the Settlement Agreement must state the basis for the objection and must be timely submitted in writing, along with any other papers the Class Member wishes the Court to consider, and served on Class Counsel, Joseph J. Mihalek, 700 Lonsdale Building, 302 West Superior Street, Duluth, Minnesota 55802 on or before **December 20, 2005**. Any Class Member who does not timely file and serve a written objection shall not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any and all objections. Class Counsel shall record the date of receipt of each objection and shall forward copies of each objection to NSM's counsel within three (3) business days following receipt. Class Counsel shall also file the original of each objection with the Clerk of the Court no later than ten (10) days prior to the Fairness Hearing date.

8. If objections are filed, Class Counsel and NSM shall serve on each other and file with the Court on or before five (5) days prior to the Fairness Hearing any further documents in support of the proposed Settlement, including responses to any papers filed by Class Members, that they wish to have the Court consider at the Fairness Hearing.

9. If any attorney will be representing a Class Member objecting to the settlement, the attorney shall file a notice of appearance with the Court and serve counsel for all parties on or before **January 19, 2006**. Failure to file and serve the notice of appearance will bar the attorney from appearing at the Fairness Hearing.

10. Consistent with Rule 23(e)(3) of the Federal Rules of Civil Procedure, any Class Member who previously declined to be excluded from the class may now request exclusion from the class for purposes of opting-out of the monetary relief provisions. Class Members who wish to exclude themselves from participation in the monetary portion of the settlement must do so in writing, by mailing a signed and dated "Opt-out" or "Exclusion" statement to Class Counsel, Joseph J. Mihalek, 700 Lonsdale Building, 302 West Superior Street, Duluth, Minnesota 55802 on or before **December 22, 2005**. Opt-out statements shall, at a minimum, contain the following language:

> I am a Class Member in the lawsuit of Mathers, et al. v. Northshore Mining, Co., Case No. 99-1938 MJD/RLE. I wish to opt out of (that is, be excluded from) the monetary portion of the settlement of this case.
>
> I understand that I am requesting to be excluded from the class monetary settlement and that by doing so I will receive no money from the settlement fund created under the Settlement Agreement with NSM. I understand that if I am excluded from the class monetary settlement, I may be able to bring a separate legal action seeking damages on my own, but I may receive nothing or less than what I would have received if I had stayed in the class and filed a claim form under the claim procedure process to be used in this case. If I bring a separate legal action, I know I am responsible for my own attorney's fees and costs. I also understand that I may not seek exclusion from the class for injunctive relief and that I am bound by the injunctive provisions of the settlement entered into by NSM.

Only those Class Members who request exclusion in the time and manner set forth herein shall be excluded from the class for monetary relief purposes. The terms and provisions of the Settlement Agreement concerning monetary relief shall not apply to any person who makes a timely request for exclusion in the manner required by this Order.

11. The Claims Administrator shall date stamp the original of each Opt-out statement and serve copies on NSM's Counsel within three (3) business days of receipt of such statement.

Class Counsel shall also file the original Opt-out statements with the Clerk of the Court no later than ten (10) days prior to the Fairness Hearing.

12. Class Members (identified in Exhibit 2) shall be permitted to withdraw or rescind objections to the settlement or requests for exclusion from the class by submitting a Rescission to Class Counsel, Joseph J. Mihalek, 700 Lonsdale Building, 302 West Superior Street, Duluth, Minnesota 55802 up to but not later than **December 22, 2005**. A rescission of an objection shall at a minimum contain the following language:

> I am a Settlement Class Member in the lawsuit of Mathers, et al. v. Northshore Mining, Co., Case No. 99-1938 MJD/RLE.
>
> I previously submitted a written Objection objecting to the class settlement. I have reconsidered and wish to withdraw my Objection. I understand that by rescinding my Objection I may not object to the settlement, whether or not I am eligible to receive an award from the claims settlement fund. I understand that withdrawing my objection does not permit me to bring my own separate legal action against NSM seeking damages.

A rescission of a request for exclusion from the class settlement shall at a minimum contain the following language:

> I was a Settlement Class Member in the lawsuit of Mathers, et al. v. Northshore Mining, Co., Case No. 99-1938 MJD/RLE on September 30, 2005 when the settlement was reached.
>
> After September 30, 2005, I submitted a written Opt-out statement seeking exclusion from the class monetary settlement. I have reconsidered and wish to withdraw my Opt-out statement. I understand that by rescinding my Opt-out I may be eligible to receive an award from the claims settlement fund, but I have not been promised or guaranteed any money from the settlement fund. I understand that by rescinding my request to be excluded from the class, I will not be allowed to bring a separate legal action against NSM seeking damages.

A Class Member submitting a rescission statement shall sign and date the statement. Class Counsel shall date stamp the original of each rescission statement and serve copies on NSM's

counsel within three (3) business days of receipt of such statement.  The Claims Administrator shall also file the rescission statements with the Clerk of the Court no later than ten (10) days prior to the Fairness Hearing date.

13. Prior to the Fairness Hearing counsel for the parties shall confer regarding the status of Class Members and objections and shall work in good faith to attempt resolution of any disputes related to the validity of objections, requests for exclusions and rescissions of objections or requests for exclusions.  In the event counsel for the parties are unable to resolve all such disputes, the parties shall notify the Court prior to the Fairness Hearing of the unresolved disputes.

IT IS SO ORDERED.

Dated at Minneapolis, Minnesota, this 7th day of November, 2005.

BY THE COURT:

s / Michael J. Davis
Honorable Michael J. Davis
United States District Judge